UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JOSEPH PIZARRO,

                           Plaintiff,                           **AMENDED COMPLAINT**

      -against-                                           **07 CV 9520 (LAK)**

                                                          **JURY TRIAL DEMANDED**

                                                          **ECF CASE**

THE CITY OF NEW YORK, P.O. "JOHN" DOYLE, Individually
and in his Official Capacity, P.O. "JOHN" CHIN, Individually and
in his Official Capacity and P.O.s "JOHN DOE" #1-10, Individually
and in their Official Capacities, (the name "John Doe" being fictitious,
as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------------------X

       Plaintiff JOSEPH PIZARRO, by his attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

**JURISDICTION**

       2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff JOSEPH PIZARRO is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants, P.O. "JOHN" DOYLE, P.O. "JOHN" CHIN and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On August 6, 2006, at approximately 3:00 a.m., plaintiff JOSEPH PIZARRO witnessed an accident involving his mother, who was struck by a motor vehicle in front of 15 East 199th Street, in the County of Bronx, City and State of New York.

14. After briefly pursuing the fleeing vehicle, plaintiff JOSEPH PIZARRO ran back toward his mother, who was severely injured and lying on the ground.

15. Before he could reach his mother, plaintiff JOSEPH PIZZARO was suddenly accosted by several members of the New York City police department.

16. Without any warning or provocation, defendants ordered plaintiff JOSEPH PIZZARO to place his hands behind his back and then pushed him face first onto the trunk of a car.

17. Plaintiff JOSEPH PIZZARO repeatedly attempted to tell the officers that his mother had just been struck by a car, but defendants would not listen.

18. Instead, defendants continued to forcibly detain plaintiff JOSEPH PIZZARO against his will.

19. Thereafter, several more police officers arrived on the scene. The officers screamed at JOSEPH PIZZARO to "get down on the ground!", but plaintiff could not move because he was lodged against the trunk of the car

20. Thereafter, defendants began to strike plaintiff JOSEPH PIZZARO repeatedly in an effort to force him to the ground.

21. One of the defendant officers then pulled down plaintiff JOSEPH PIZZARO's shorts to his ankles, humiliating him in front of his friends and neighbors.

22. Another officer pulled out a stun gun and told his fellow officers to "move back!"

23. Thereafter, this officer fired his stun gun at plaintiff JOSEPH PIZZARO, striking him in the right side and causing plaintiff to experience excruciating pain.

24. Several members of the New York City Police Department witnessed this unlawful use of force, but none of them attempted to intercede.

25. After the incident, plaintiff was taken to North Central Hospital in the Bronx for treatment of his injuries.

26. Thereafter, plaintiff continued to suffer pain and discomfort in the area where he was struck by the stun gun, and plaintiff still has marks on his back from the stun gun prongs that were lodged in his body.

27. In connection with this unlawful assault, defendants filled out false police reports and forwarded these false reports to prosecutors in the New York County District Attorney's Office.

28. Notwithstanding the unlawful conduct of defendants, all charges were dismissed against plaintiff on April 4, 2007.

29. As a result of the foregoing, plaintiff sustained plaintiff sustained, _inter alia_, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff JOSEPH PIZARRO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. The acts complained of deprived plaintiff JOSEPH PIZARRO of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have excessive force imposed upon him;

  E. Not to have summary punishment imposed upon him; and

  F. To receive equal protection under the law.

## PENDANT STATE CLAIMS

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. On or about November 3, 2006, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

39. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

40. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on October 30, 2007.

41. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

42. Plaintiff has complied with all conditions precedent to maintaining the instant action.

43. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

45. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

46. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant police officers touched plaintiff JOSEPH PIZARRO in a harmful and offensive manner.

49. Defendant police officers did so without privilege or consent from plaintiff.

50. As a result of the foregoing, plaintiff sustained plaintiff sustained, inter alia, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendant police officers arrested plaintiff JOSEPH PIZARRO in the absence of probable cause and without a warrant.

53. As a result of the aforesaid conduct by defendants, plaintiff JOSEPH PIZARRO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

54. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of the foregoing, plaintiff JOSEPH PIZARRO was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

57. Plaintiff was conscious of said confinement and did not consent to same.

58. The confinement of plaintiff was without probable cause and was not otherwise privileged.

59. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. On October 5, 2006, defendants commenced a criminal proceeding against plaintiff JOSEPH PIZARRO.

62. Defendants lacked probable cause to commence said criminal proceeding against plaintiff JOSEPH PIZARRO.

63. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff JOSEPH PIZARRO.

64. On April 4, 2007, the criminal prosecution against plaintiff JOSEPH PIZARRO was terminated in his favor.

65. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

68. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

69. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

70. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

71. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

74. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department. including the defendants individually named above.

75. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

76. By reason of the aforesaid conduct by defendants, plaintiff JOSEPH PIZARRO requests the following relief:

    A.    Compensatory damages in the amount of one million dollars ($1,000,000);

    B.    Punitive damages in the amount of two million dollars ($2,000,000);

    C.    An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

    D.    Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiff JOSEPH PIZARRO demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       November 13, 2007

                                                                    /S
                                            JON L. NORINSBERG (JN-2133)
                                            Attorney for Plaintiff
                                            225 Broadway, Suite 2700
                                            New York, N.Y. 10007
                                            (212) 791-5396