UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

JOSEPH PIZARRO,

                                 Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. "JOHN" DOYLE
Individually and in his Official Capacity,  P.O. "JOHN"
CHIN Individually and in his Official Capacity, and P.O.'s
"JOHN DOE" #1-10, Individually and in their Official
capacities, (the name John Doe being fictitious, as the true
names are presently unknown),

                             Defendants.

--------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
BY DEFENDANT CITY OF
NEW YORK**

07 CV 9520 (LAK)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon

information and belief, as follows[1]:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to bring this action as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to bring this action as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief the individuals identified in the caption of the complaint as
P.O. "John" Doyle and P.O. "John" Chin have not been served with a copy of the summons and
complaint in this action, and are therefore not defendants at this time.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to demand a trial by jury as stated therein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Admits the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint with regards to "P.O. "JOHN' DOYLE, P.O. "JOHN" CHIN and P.O.'s "JOHN DOE" #1-10" as there are no individually named police officers in this matter.

10.      The allegations set forth in paragraph "10" of the  complaint constitute legal conclusions rather than averments of fact, to which no response is required.

11.      The allegations set forth in paragraph "11" of the  complaint constitute legal conclusions rather than averments of fact, to which no response is required.

12.      The allegations set forth in paragraph "12" of the  complaint constitute legal conclusions rather than averments of fact, to which no response is required.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the  complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the  complaint.

15.      Denies the allegations set forth in paragraph "15" of the  complaint.

16.      Denies the allegations set forth in paragraph "16" of the  complaint.

17.    Denies the allegations set forth in paragraph "17" of the complaint.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint.

20.    Denies the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies the allegations set forth in paragraph "25" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

26.    Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "29" of this answer as if fully set forth herein.

31.    The allegations set forth in paragraph "31" of the complaint constitute legal conclusions rather than averments of fact, to which no response is required.

32.     Denies the allegations set forth in paragraph "32" of the complaint.

33.     Denies the allegations set forth in paragraph "33" of the complaint.

34.     Denies the allegations set forth in paragraph "34" of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

37.     In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36" of this answer as if fully set forth herein.

38.     Denies the allegations set forth in paragraph "38" of the complaint, except admits that what purports to be a Notice of Claim was received by the City of New York on or about November 3, 2006.

39.     Denies the allegations set forth in paragraph "39" of the complaint, except admits that matter has not been settled.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint, except admit that this action was filed on October 25, 2007.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth herein.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "54" of this answer as if fully set forth herein.

56.     Denies the allegations set forth in paragraph "56" of the complaint.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     Denies the allegations set forth in paragraph "58" of the complaint.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "59" of this answer as if fully set forth herein.

61.     Denies the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

64.     Denies the allegations set forth in paragraph "64" of the complaint.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65" of this answer as if fully set forth herein.

67.     Denies the allegations set forth in paragraph "67" of the complaint.

68.     Denies the allegations set forth in paragraph "68" of the complaint.

69.     Denies the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint.

71.     Denies the allegations set forth in paragraph "71" of the complaint.

72.     In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71" of this answer as if fully set forth herein.

73.     Denies the allegations set forth in paragraph "73" of the complaint.

74.     Denies the allegations set forth in paragraph "74" of the complaint.

75.     Denies the allegations set forth in paragraph "75" of the complaint.

76.     Denies the allegations set forth in paragraph "76" of the complaint and all subparts thereto .

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

77.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

78.    Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

79.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the City defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

80.    There was probable cause for the plaintiff's arrest and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

81.    Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

82.    This action may be barred, in whole or in part, by the applicable statute of limitations period.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

83.    To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

84.    To the extent the complaint alleges claims against the City of New York under state law, plaintiff may have failed to comply with New York General Municipal Law § 50-e.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

85.    Plaintiff provoked any incident.


## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

86.    At all times relevant to the incident, the duties and functions of the

municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.

Therefore, the City has governmental immunity from liability.


**WHEREFORE**, defendant City of New York requests judgment dismissing the

complaint in its entirety, together with costs and disbursements of this action, and such other and

further relief as the Court may deem just and proper.

Dated:    New York, New York
          December 19, 2007


                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                          City of New York
                         Attorney for Defendant City of New York
                         100 Church Street, Room 3-196
                         New York, New York 10007
                         (212) 788-9567

                   By:   _____
                         Suzette Corinne Rivera
                         Assistant Corporation Counsel
                         Special Federal Litigation Division


TO:    Jon Norinsberg, Esq. (By ECF)
       Attorney for Plaintiff
       225 Broadway Suite 2700
       New York, New York 10007

Index No.  07 CV 9520 (LAK)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH PIZARRO,

                                              Plaintiff,

                        -against-

THE CITY OF NEW YORK, P.O. "JOHN"
DOYLE Individually and in his Official Capacity,
P.O. "JOHN" CHIN Individually and in his Official
Capacity, and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official capacities, (the
name John Doe being fictitious, as the true names
are presently unknown),

                                              Defendants.

---

### ANSWER TO  COMPLAINT BY DEFENDANT CITY OF NEW YORK

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzette C. Rivera*
*Tel:  (212) 788-9567*
*NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................ , 200......*

*.......................................................................... Esq.*

*Attorney for..............................................................*